IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

```
PAWS HOLDINGS, LLC, on behalf of itself   )
and all others similarly situated,        )
                                          )
                 Plaintiff,               )
                                          )
         v.                               )    CV 116-058
                                          )
DAIKIN INDUSTRIES LTD., et al.,           )
                                          )
                 Defendants.              )
```
_____

**O R D E R**
_____

On October 7, 2016, the parties filed a Rule 26(f) report in which Defendants requested a stay of the discovery period, (doc. no. 47-1, p. 3), until a ruling on Defendants motions to dismiss, (doc. nos. 32, 33) and an answer by any remaining Defendant. Upon consideration, and for the reasons set forth below, the Court **GRANTS** the request.

Under Fed. R. Civ. P. 26(c), this Court has "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Ameris Bank v. Russack, No. CV614-002, 2014 WL 2465203, at *1 (S.D. Ga. May 29, 2014) (quoting Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987)). A stay should be granted where all discovery may be mooted by ruling on a legal issue. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.") The court may take a "preliminary peak" at the merits of the dispositive motion to assess the likelihood that it will be granted. Russack, 2014 WL

2465203, at *1 (citing Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Here, because a cursory review of the two dismissal motions suggest they have the *potential* to be "case-dispositive," Feldman, 176 F.R.D. at 653, discovery should be stayed. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); see also Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005).

Thus, the Court hereby **GRANTS** Defendants' request (doc. no. 47-1, p. 3) and will not set discovery deadlines until the District Judge's ruling on the motions to dismiss, in which case remaining parties shall confer and submit a proposed joint scheduling order within seven days. Such order should include date-certain deadlines through the filing of summary judgment motions.

SO ORDERED this 17th day of October, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA